UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WALTER J.D. MOFFETT,
      Plaintiff,

v.                                            Case No. 15-CV-0644

MICHAEL A. DITTMANN, et al.,
      Defendants,

## DECISION AND ORDER

Plaintiff, Walter J.D. Moffett, a state prisoner, filed a pro se complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated at Redgranite Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, and two private hospitals. This matter comes before me on plaintiff's motion for leave to proceed in forma pauperis, plaintiff's motion to appoint counsel, and for screening of plaintiff's complaint.

Plaintiff has been assessed and paid an initial partial filing fee of $1.59. I will grant his motion for leave to proceed in forma pauperis.

I am required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts

and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). I am obliged to give plaintiff's pro se allegations,

2

"however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff's complaint is a sprawling 42 pages that identifies 54 defendants and covers events that occurred at three state prisons and two private hospitals. First, plaintiff presents numerous claims against numerous defendants at Redgranite Correctional Institution, beginning with his placement on temporary lockup status on January 1, 2013. Then, on May 29, 2013, plaintiff was transferred to Waupun Correctional Institution. He makes a number of claims against a number of different defendants there too. In late June, plaintiff became very ill after his cell was searched; he believes two unidentified guards put harmful chemical agents in his cell to cause him severe bodily harm. Plaintiff struggled to get medical treatment for his illness, but he ultimately was taken to Waupun Memorial Hospital on June 24, 2013, and remained there until June 30, 2013. Plaintiff asserts claims regarding his time at the hospital and claims regarding his treatment at Dodge Correctional Institution, where he was transferred after the hospital. While at Dodge, he returned to Waupun Memorial Hospital and also St. Agnes Hospital for additional medical care. Finally, plaintiff was returned to Waupun in September or October of 2013, and he presents claims regarding his treatment there too.

Based on my reading of the complaint, it appears that plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Rule 18(a), Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Specifically,

Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607.

Moreover, the court in George reminded district courts that Rule 20, Federal Rules of Civil Procedure, applies as much to prisoner cases as it does to any other case. 507 F.3d at 607. Under Rule 20, joinder of multiple defendants into one action is proper only if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."

I find that the complaint violates Rules 18 and 20 insofar as it advances unrelated claims against multiple defendants at three separate prisons and two hospitals. The George court instructed that such "buckshot complaints" should be "rejected." Id. Therefore, I will strike the original complaint submitted on May 28, 2015. Plaintiff will be allowed to file an amended complaint in this case incorporating only properly related claims. Any unrelated claim not pursued in this case must be brought in a separate action.

Plaintiff is advised that because an amended complaint supersedes a prior complaint, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1056 (7th Cir. 1998). If plaintiff files an amended complaint, it will become the operative complaint in this action, and the court will screen it in accordance with 28 U.S.C. § 1915A.

4

Failure to file an amended complaint may result in dismissal of this action for failure to prosecute.

Further, plaintiff is advised that 42 U.S.C. § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. Id. Thus, with respect to any claim or claims advanced in his amended complaint, plaintiff must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

Additionally, I note that plaintiff emphasizes that his hearing aid and accessories were taken from him at Redgranite. "When a state official's conduct is random and unauthorized, due process requires only that an adequate post-deprivation remedy exists." Johnson v. Wallich, 578 Fed.Appx. 601, 602 (7th Cir. 2014) (citations omitted). Wisconsin statutes afford tort remedies for those whose property has been converted or damaged due to "random, unauthorized deprivations of property by state officers and officials." Id. Because the plaintiff does not suggest that the loss of his property resulted from some established procedure or that Wisconsin's post-deprivation remedies were inadequate, he may not state a due process claim for the loss of his property. Plaintiff may have other claims regarding not having the hearing aid he needed and not being provided with a new hearing aid, but he may not proceed on claims regarding the taking of the hearing aid.

5

With his original complaint filed a cover letter addressing a number of matters. Part of that letter was a request for appointment of counsel, which was docketed as a motion to appoint counsel. Plaintiff referred to the complexity of the complaint and his lack of knowledge in legal expertise and procedures.

I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). However, as a threshold matter, litigants must first make a reasonable attempt to secure private counsel on their own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). If the plaintiff makes a reasonable attempt to secure counsel, I must examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 781 F.3d at 696 (citing Pruitt, 503 F.3d at 655). This inquiry focuses not only on plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." Id.

Plaintiff has not shown a reasonable attempt to secure private counsel on his own, and I will therefore deny his motion to appoint counsel. Plaintiff should contact at least three attorneys in writing and ask them to represent them. If they decline and if he wishes to bring another motion to appoint counsel in the future, he must provide the court with either copies of letters he receives in response to his inquiries or the name and addresses of the attorneys he contacted and the dates he contacted them.

However, I note that I believe plaintiff is competent to submit an amended complaint without counsel. He was able to present his claims in great detail in his original complaint.

Based on this Order, plaintiff must choose one or more properly joined claims from his original complaint to include in an amended complaint. I consider plaintiff competent to do that.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket #3) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the complaint submitted on May 28, 2015, is **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff is directed to file an amended complaint on or before **Friday, August 21, 2015**, which contains only related claims in accordance with this Order.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint by August 21, 2015 that complies with the requirements of Rules 18 and 20, Federal Rules of Civil Procedure, this action will be dismissed for failure to prosecute.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from plaintiff's prisoner trust account the $348.41 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that plaintiff shall submit all correspondence and legal material to:

>United States District Court
>Office of the Clerk
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge