UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

WALTER J. D. MOFFETT,
      Plaintiff,

v.                                               Case No. 15-CV-644

DONALD STRAHOTA, MEISNER,
SGT. MYER, B. GREFF, WALKER,
ANGELIA KROLL, JANE DOES 1-2, and
JOHN DOES 1-2,
      Defendants.

---

## ORDER

I allowed plaintiff Walter J. D. Moffett to proceed on Eighth Amendment claims regarding his treatment in segregation at Waupun Correctional Institution in 2013, as well as staff's failure to investigate plaintiff's complaints regarding the conditions. This matter is now before me on several motions filed by plaintiff and defendants' fully briefed motion for summary judgment on exhaustion grounds.

### A.     Plaintiff's Motions

In March 2016, plaintiff filed three motions: a motion for discovery and production of documents, a motion to file exhibits, and a motion for reconsideration. ECF Nos. 18–20. Plaintiff brings his motion for discovery and production of documents under Federal Rules of Civil Procedure 33 and 34, but the motion is actually plaintiff's initial interrogatories and requests for production of documents to defendants. The court does not routinely participate in discovery in civil cases. The parties serve discovery requests, including interrogatories and requests for production (Federal Rules of Civil Procedure 33 and 34) on each other and, subject to objections, the other party responds. Parties

only bring motions regarding discovery (motions to compel under Federal Rule of Civil Procedure 37) if they have a discovery dispute that they are unable to resolve after attempting in good faith to come to an agreement. I will deny this motion.

Plaintiff later filed a motion for an order compelling discovery because defendants had not responded to the interrogatories and requests for production in his motion for discovery. ECF No. 38. I will deny this motion because defendants were under no obligation to respond to the discovery requests plaintiff included in his motion for discovery. I also note that this motion does not comply with Federal Rule of Civil Procedure 37(a) or Civil Local Rule 37 (E.D. Wis.) because it does not contain a certification that plaintiff attempted in good faith to meet and confer with defendants regarding the discovery dispute before bringing his motion.

Next, in his motion to file exhibits, plaintiff asks me to consider five pages of exhibits as part of his motion for reconsideration. I will grant this motion and have considered these exhibits in support of plaintiff's motion for reconsideration.

In his motion for reconsideration, plaintiff asks me reconsider portions of two of my previous orders in this case. He challenges my denial of his request for a preliminary injunction, my dismissal of parties at screening, and my decision not to recruit pro bono counsel for him. He also asserts that new incidents at Columbia Correctional Institution (where he is now incarcerated) warrant a preliminary injunction. Since filing this motion, plaintiff has submitted a number of other documents detailing his current troubles at Columbia Correctional Institution, all of which I have considered as part of plaintiff's motion.

Under Federal Rule of Civil Procedure 54(b), I may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D. Ill. 1976)). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff has not shown that I made any manifest errors of law or fact in my earlier decisions. Nor has he presented newly discovered evidence that changes the outcome of those motions. With regard to my decision to dismiss plaintiff's original complaint (thereby dismissing some defendants) under *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) and my decision not to recruit pro bono counsel for him, plaintiff makes no substantive arguments undermining my decisions.

Plaintiff's arguments regarding my decision not to enter a preliminary injunction revolve around his recent and current conditions of confinement at Columbia Correctional Institution. Yet his claims in this case relate to events that occurred in 2013 at Waupun Correctional Institution. Plaintiff's claims regarding Columbia are entirely separate claims, and he may file a new complaint if he believes they violate his constitutional rights, either as impermissible conditions of confinement under the Eighth

Amendment or as retaliation under the First Amendment for filing and litigating this case. However, plaintiff may not proceed on these new claims as part of this case, and the allegations are not an appropriate basis for a preliminary injunction in this case. *See Hashim v. Hamblin*, Case No. 14-cv-1265, 2016 WL 297465, at *4 (E.D. Wis. January 22, 2016) ("Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this case. He may not seek relief in connection with these claims in this lawsuit."). I will deny plaintiff's motion for reconsideration as it relates to my prior orders in this case.

In his motion for reconsideration, plaintiff also asks me to add Belinda Schrubbe as a defendant. I noted in my order screening plaintiff's amended complaint that he made a number of claims against her but that he had not named her as a defendant and I could not add her on my own motion. Plaintiff asserts that he inadvertently omitted her name from the list of defendants and asks to add her as a defendant at this time. I will grant this portion of plaintiff's motion, add Belinda Schrubbe as a defendant, and order service of plaintiff's amended complaint on her.

**B.  Defendants' Motion for Summary Judgment**

On April 13, 2016, defendants filed a motion for summary judgment along with their answer. They submit that they are entitled to judgment because plaintiff failed to exhaust his administrative remedies. That motion is fully briefed.

Under the PLRA, a prisoner must exhaust "such administrative remedies as are available" before bringing suit "with respect to prison conditions under section 1983 . . . or any other federal law." 42 U.S.C. § 1997e(a). Unexhausted claims are procedurally barred from consideration. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). The

4

Case 2:15-cv-00644-LA   Filed 12/05/16   Page 4 of 8   Document 39

exhaustion requirement is interpreted strictly; "[a] prisoner must comply with the specific procedures and deadlines established by the prison's policy." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

"The PLRA does not, however, demand the impossible." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). In *Pyles*, the Seventh Circuit stated:

> Remedies that are genuinely unavailable or nonexistent need not be exhausted. A remedy becomes unavailable "if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." In such cases, the prisoner is considered to have exhausted his administrative remedies.

*Id.* (citations omitted) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)) (citing *Turley v. Rednour*, 729 F.3d 645, 650 n.3 (7th Cir. 2013) (collecting cases)).

Defendants present evidence that they received only one inmate complaint from plaintiff related to the claims in this case. The complaint was returned to plaintiff with instructions for plaintiff to attempt to resolve the issue with security staff and then resubmit the complaint. According to defendants, plaintiff never resubmitted the complaint.

In his notarized brief and affidavit, plaintiff asserts that he "constantly complained" about numerous issues, including "denial of hard of hearing sign; being passed up for supplies; meals and recreation." ECF No. 34, at 1. He says that he will prove that he made all efforts within his power to exercise and attempt to exhaust his administrative remedies but that correctional officers and other staff members hindered his ability to do so. According to plaintiff, Tonia Moon, an institutional complaint examiner who submitted a declaration on defendants' behalf, cannot state for a fact that

5

plaintiff did not submit more relevant inmate complaints than defendants acknowledge. Plaintiff "know[s] for a fact that he . . . placed in his cell door . . . many complaints relating to the issues before this court." ECF No. 33, at 3. He notes that once a complaint is picked up from his cell door he has no control over what happens. Inmates in segregation at Waupun do not have access to the locked box for inmate complaints; they must rely on staff members to put the complaints in the locked box for them. Plaintiff says, "[b]elieve me, a lot of my complaints never made it." *Id.* at 4.

In their reply brief, defendants maintain that plaintiff's assertions are conclusory and that he does not provide enough details regarding his claim that correctional officers picked up complaints he left in his door and failed to submit them. Defendants also suggest that plaintiff's allegations are undermined by the fact that he filed a number of complaints regarding other issues during the 21-day time period in June 2013.

The failure to exhaust is an affirmative defense on which the defendants bear the burden of proof. *Dole*, 438 F.3d at 809. The Seventh Circuit has made clear that "summary judgment cannot be used to resolve swearing contests between litigants." *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (quoting *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003)). Nor may the court "weigh the evidence or decide which testimony is more credible." *McCann*, 622 F.3d at 752 (citations omitted). Despite defendants' arguments, plaintiff's assertions in notarized documents create questions of fact regarding his attempts to file inmate complaints and whether the State's inmate complaint process was available to him. These disputes of material facts preclude summary judgment, and I will deny defendants' motion. *See* Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011).

I will give defendants a choice regarding how to proceed. If defendants choose to continue to challenge plaintiff's exhaustion of his administrative remedies, I will conduct an evidentiary hearing on exhaustion and thereafter make findings of fact and conclusions of law regarding whether plaintiff exhausted his administrative remedies with regard to the claims in this case. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). Defendants also may choose to waive their arguments regarding exhaustion, in which case I will enter a scheduling order and this case will proceed to discovery on the merits of plaintiff's claims. Defendants should file a letter with the court on or before **December 19, 2016**, advising me of their choice.

**THEREFORE, IT IS ORDERED** that plaintiff's motion for discovery and production of documents (ECF No. 18) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to file exhibits (ECF No. 19) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (ECF No. 20) is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, defendants' counsel shall serve Belinda Schrubbe with plaintiff's amended complaint.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, Belinda Schrubbe shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (ECF No. 26) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' request to stay discovery (ECF No. 26) is **GRANTED**. Discovery is stayed until the issue of exhaustion is resolved.

**IT IS FURTHER ORDERED** that the defendants should file a letter with the court on or before **December 19, 2016** as to whether they would like to proceed with a *Pavey* hearing regarding exhaustion. After I receive that letter, I will either schedule this case for a telephone scheduling conference to set a date for the *Pavey* hearing or enter a written scheduling order.

Dated at Milwaukee, Wisconsin, this 5th day of December, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
United States District Judge